# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | **3:16-CR-65** |
| | : | **(JUDGE MARIANI)** |
| EUPHREM KIOS DOHOU, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

### I. INTRODUCTION

Presently before the Court is Defendant's Motion to Dismiss the Indictment. Doc. 50. Defendant has been charged with failing to comply with a final order of removal in violation of 8 U.S.C. 1253(a)(1)(A), (B), and (C). Doc. 1. Defendant first sought to dismiss the indictment on the grounds that he was denied effective assistance of counsel during removal proceedings before the Immigration Court. Doc. 51. However, since the motion had been fully briefed, the Supreme Court of the United States issued *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), which Defendant argues is "dispositive in this matter" because the decision invalidates the underlying order of removal in this case. Doc. 62 at 1. Specifically, Defendant argues that, pursuant to *Pereira*, the Notice to Appear issued prior to his removal proceedings was fatally defective because it did not contain a date and place for the proceedings. Under the regulations promulgated under the Immigration and Nationality Act ("INA"), the Immigration Court's jurisdiction only vests when a proper charging document, i.e. a Notice to Appear, is filed. 8 C.F.R. § 1003.14. Thus, Defendant argues that "the order

of removal issued against [him] is invalid because it was entered without jurisdiction." *Id.* at 2. For reasons stated below, the Court will deny Defendant's Motion because it does not have the jurisdiction to decide the validity of an underlying removal order, and because a motion to dismiss the indictment is not a proper vehicle to challenge the validity of such an order.

## II. BACKGROUND

Dohou, who is born in Benin, entered the United States legally in 1992. Doc. 51-1 at 2 (Dohou's Application for Permanent Residence). On October 15, 2008, Dohou was found guilty of conspiracy to distribute and possess with the intent to distribute marijuana in violation of 21 U.S.C. 846, 841(a)(1), and 841(b)(1) before a jury in the Eastern District of New York. *Id.* at 8-12 (the Eastern District of New York Judgment). He was sentenced to a term of imprisonment of ten years, and released on April 15, 2015. *Id.* At the same time of his release, Dohou was served with a Notice to Appear to commence removal proceedings against him. *Id.* at 14. The Notice to Appear states that Dohou was ordered to appear before an Immigration Judge at an Immigration Court in Minnesota on a date "to be set." *Id.* On July 16, 2015, Dohou was issued a Notice of Hearing, which stated that a hearing had been scheduled for September 22, 2015 at an Immigration Court in Pennsylvania. Doc. 51-2 at 48. Dohou attended the September 22, 2015 hearing with his counsel, after which the Immigration Judge issued an order of removal against him. *Id.* at 57. The order noted that Dohou waived his right to appeal. *Id.*

On March 15, 2016, the government charged Dohou with failure to depart the country under 8 U.S.C. § 1253(a). Doc. 1. The indictment states that Dohou, "against whom a final order of removal is outstanding, by reason of being a member of any of the classes described in 8 U.S.C. §1227(a)(2) ... did willfully fail and refuse to make a timely application in good faith for a travel and other document necessary for his departure from the United States and did connive, conspire, and take any other action, designed to prevent and hamper and with the purpose of preventing and hampering his departure from the United States." Doc. 1 at 1. In its response brief, the government avers that Dohou did so by, among other things, "physically refusing to accompany federal agents to various airports for removal on multiple occasions" such that "[e]ach attempt to do so had to be aborted." Doc. 65 at 4.

On January 26, 2018, Dohou filed a motion to dismiss the indictment based on ineffective assistance of counsel in the removal proceedings. Doc. 50. After the motion had been fully briefed, the Supreme Court decided *Pereira v. Sessions*, 138 S.Ct. 2105 (2018). Dohou then filed a supplemental brief, contending that the underlying removal order is invalid as a matter of law because the charging instrument in the removal proceedings, i.e. the Notice to Appear, fails to specify a time and a place for the proceeding, thus rendering the Immigration Court without jurisdiction to hold removal proceedings against him. Doc. 62. The government argues that contrary to Dohou's reading, "*Pereira* does not have the far-reaching impact on the Immigration Court's jurisdiction to hold removal proceedings"

3

because it was a "narrow decision" decided in the context of the stop-time rule, which is not at issue in this case. Doc. 65 at 4-5.

## III. DISCUSSION

### a. The Court Does Not Have Jurisdiction to Decide the Validity of the Underlying Removal Order Because Defendant Is Convicted of a Criminal Offense Under Section 1227.

In their most recent round of briefing, both parties focus on the applicability of *Pereira* to the Immigration Court's jurisdiction. Dohou argues that "[t]he order of removal issued against [him] is invalid because it was entered without jurisdiction," since the Notice to Appear he received was fatally deficient because it failed to specify the time and place for the removal proceeding. Doc. 62 at 2-4 (citing 8 U.S.C. § 1229(a)(1) and *Pereira v. Sessions*, 138 S. Ct. 2105, 2110 (2018)). In *Pereira*, the Supreme Court held that a "putative notice to appear that fails to designate the specific time or place of the noncitizen's removal proceedings is not a notice to appear under section 1229(a) [of the INA], and so does not trigger the stop-time rule." *Pereira*, 138 S. Ct. at 2113-14 (internal quotation marks omitted). Under the relevant regulations promulgated under the INA, "[j]urisdiction vests, and proceedings before an Immigration Judge commence, when a charging document [i.e. a Notice to Appear] is filed with the Immigration Court by the Service." *Id.* at 2 (citing 8 C.F.R. § 1003.14(a)). Dohou also attached to his motion the Notice to Appear he received, which states that he is to appear before an Immigration Judge at a date "to be set." Doc. 62-1 at 7. Thus, Dohou argues that the removal order underlying the indictment is invalid

4

because the Immigration Court never had jurisdiction to commence removal proceedings against him. The government, for its part, does not dispute the authenticity or contents of this Notice to Appear in its briefing, and in fact attached it as one of its own brief exhibits. Doc. 65-1 at 1. Instead, the government argues that *Pereira* was decided in the context of the stop-time rule, and should not be extended "beyond its narrow scope to all [Notices to Appear] that fail to include a time and place of the initial hearing." Doc. 65 at 5.

However, perhaps due to the byzantine nature of immigration law, the parties do not meaningfully address the initial question of whether *this* Court may have jurisdiction over the issue. The indictment charges Dohou with violation of Section 1253(a) of the INA. Doc. 1. Under that Section, an immigrant who is subject to a final order of removal is subject to imprisonment or a criminal fine if he "willfully fails or refuses to depart from the United State … willfully fails or refuses to make timely application in good faith for travel or other documents necessary to [his] departure … [or] connives or conspires, or takes any other action, designed to prevent or hamper or with the purpose of preventing or hampering [his] departure." 8 U.S.C. § 1253(a)(1)(A)-(C). If an immigrant is charged under Section 1253, he may challenge the validity of the underlying order of removal in accordance with procedures set forth in Section 1252(b)(7):

> If the validity of an order of removal has not been judicially decided, a defendant in a criminal proceeding charged with violating section 1253(a) of this title may challenge the validity of the order in the criminal proceeding only by filing a separate motion before trial. The district court, without a jury, shall decide the motion before trial.

5

8 U.S.C. § 1252(b)(7)(A). "If the district court rules that the removal order is invalid, the

court shall dismiss the indictment for violation of section 1253(a) of this title." *Id.*

§ 1252(b)(7)(C). In lieu of filing a separate motion in accordance with Section 1252(b)(7),

however, Dohou has proceeded with a motion to dismiss the indictment. Doc. 50. Thus,

Dohou has not complied with the procedure set forth by Section 1252(b)(7).

Procedural deficiencies aside, neither Dohou nor the government mentioned a

separate, but undoubtedly relevant, provision of Section 1252, i.e. 8 U.S.C. § 1252(a)(2)(C),

which provides:

**(a) Applicable provisions:**

...

**(2) Matters not subject to judicial review:**

...

**(C) Orders against criminal aliens** - Notwithstanding any other
provision of law (statutory or nonstatutory), including section 2241 of
Title 28 [statute governing petition for a writ of habeas corpus], or any
other habeas corpus provision, and sections 1361 and 1651 of such
title, and except as provided in subparagraph (D), *no court shall have
jurisdiction to review any final order of removal against an alien who is
removable by reason of having committed a criminal offense covered
in section ... 1227(a)(2)(A)(iii), (B), (C), or (D) of this title...*

8 U.S.C. § 1252(a)(2)(C). According to the indictment, Dohou falls within this provision, as

he is accused of having "a final order of removal [] outstanding" against him, "by reason of

being a member of any of the classes described in 8 U.S.C. § 1227(a)(2)." Doc. 1 at 1.

Section 1227(a)(2) concerns immigrants who have been convicted of certain criminal

offenses, including, in relevant part, those "convicted of a violation of (or a conspiracy or

attempt to violate) any law or regulation of a State, the United States, or a foreign country

6

relating to a controlled substance (as defined in section 802 of title 21), other than a single offense involving possession for one's own use of 30 grams or less of marijuana." 8 U.S.C. § 1227(a)(2)(B) (titled "Controlled Substances"). According to the indictment, Dohou falls within the class of immigrants "described in 8 U.S.C. § 1227(a)(2), criminal offenses." Doc. 1 at 1. This is consistent with Dohou's own brief, which states that he was "found guilty of conspiracy to possess with the intent to distribute marijuana in the United States District Court for the Eastern District of New York ... by a jury." Doc. 51 at 2-3.

Because the removal order entered against Dohou was based on an offense enumerated in Section 1227, it would appear that this Court does not have jurisdiction to review any final order of removal against Dohou. Neither party, however, addressed Section 1252(a)(2)(C) in their briefing. Upon this Court's own review, the case law in this Circuit is mixed as to whether a defendant in Dohou's circumstances may challenge the validity of the removal order in a district court in spite of Section 1252(a)(2)(C) prohibiting such review. In *United States v. Ayeni*, 66 F. Supp. 2d 617 (M.D. Pa. 1999), a case from this district that presented similar facts to this case, the court was faced with a motion to dismiss an indictment charging the defendant with a violation of 8 U.S.C. § 1253 for failure to depart the United States, and there, the defendant also had a final order of removal "by reason of having committed a criminal offense covered in section ... 1227(a)(2) ..." *Id.* at 619. *Ayeni* noted that other "[c]ourts that have considered the effect of section 1252(a)(2)(C) on *direct review* of deportation orders involving aliens with criminal

7

convictions have found that the limitation controls over other INA provisions granting jurisdiction." *Id.* at 619-20 (emphasis added). "On the other hand," *Ayeni* went on, "the question of whether section 1252(a)(2)(C) precludes jurisdiction over a *collateral attack* of a deportation order ... has not yet been addressed." *Id.* at 620 (emphasis added). *Ayeni* then proceeded to analogize the case to *United States v. Arce-Hernandez*, 163 F.3d 559 (9th Cir.1998), in which the Ninth Circuit Court of Appeals considered the court's jurisdiction in the context of a criminal proceeding for violation of 8 U.S.C. § 1326, which penalizes an immigrant's illegal reentry. The Ninth Circuit found that, in that circumstance, the immigrant was permitted to collaterally attack the underlying removal order in challenging his illegal reentry conviction. *Arce-Hernandez*, 163 F.3d at 562-63 ("By its language, § 440(a) [of the AEDPA] applies only to reviews of final orders of deportation. The statute is silent regarding its application to review of criminal convictions which happen to rest upon deportation orders ... we conclude that § 440(a) [of the AEDPA] does not deprive us of jurisdiction to consider Arce-Hernandez's collateral attack on the underlying deportation order.") (internal citations omitted).

*Ayeni* then applied the reasoning in *Arce-Hernandez* to its own facts, holding that Section 1252(a)(2)(C) should be read narrowly such that it only prohibits "direct review" of a removal order, while permitting the district court to review "collateral attacks" of such an order. *Ayeni*, 66 F. Supp. 2d at 620-21. The court reasoned that "[t]he argument for reading a statute so as to allow jurisdiction is particularly strong where, as here, the

8

outcome of an administrative proceeding forms the basis for a criminal charge." *Id.* at 621.

However, *Ayeni* glosses over the fact that *Arce-Hernandez* examined the intersection

between a provision of the AEDPA and Section 1326 of the INA [penalizing illegal reentry],

neither of which is relevant to a defendant charged with violation of Section 1253 [penalizing

failure to depart]. In other words, *Arce-Hernandez* concerned a criminal proceeding in

which the defendant was charged with (and pled guilty to) violating Section 1326 for illegal

reentry, not an alleged violation of Section 1253 for failure to depart. The distinction is

significant because the former *specifically contemplates the possibility of a collateral attack*

on the underlying removal order. *See* 8 U.S.C. § 1326(d) ("**Limitation on collateral attack**

**on underlying deportation order** - In a criminal proceeding under this section, an alien

may not challenge the validity of the deportation order...unless the alien demonstrates that"

that he exhausted administrative remedies, that the deportation proceedings deprived him

of judicial review; and that the removal order was fundamentally unfair) (bolded in original).

In contrast, Section 1253 does not contemplate any possibility for such collateral attacks.

*See* 8 U.S.C. § 1253, *generally*. *Cf. United States v. Mendoza-Lopez*, 481 U.S. 828, 839 n.

17, 107 S. Ct. 2148, 2155, 95 L. Ed. 2d 772 (1987) ("We note parenthetically that permitting

collateral challenge to the validity of deportation orders in proceedings under § 1326 does

not create an opportunity for aliens to delay deportation, since the collateral challenge we

recognize today is available *only in criminal proceedings instituted after [illegal] reentry*.")

(emphasis added).

9

Contrary to *Ayeni*'s reasoning by analogy to unrelated sections of the INA, the Court

is more inclined to agree with the reasoning of a more recent decision from this district,

*United States v. Owusu*, 2018 WL 3417218 (M.D. Pa. July 13, 2018), which also concerned

a motion to dismiss the indictment for failure to depart from the United States. *Owusu* found

that "[t]he law provides[] that no court has jurisdiction to review a final order of removal

against an alien who, like the defendant, is removable by reason of having committed a

criminal offense covered in 8 U.S.C. § 1227(a)(2)(A)(iii)." *Id.* at *2. Thus, "the fact that

defendant has been ordered removed due to committing an aggravated felony divests us of

jurisdiction...we simply do not have authority to determine whether defendant's removal

order is invalid." *Id.*

The Court is constrained to agree with *Owusu*'s reading of the INA. Section

1252(a)(2)(C) unequivocally prohibits judicial review of "any final order of removal against

an alien who is removable by reason of having committed a criminal offense covered in

[Section 1227(a)(2)]." 8 U.S.C. § 1252(a)(2)(C). The plain text of the provision does not

state that notwithstanding its broad prohibition of judicial review, collateral attacks of an

underlying removal order may be permitted. Nor does the language in that provision, unlike

Section 1326, expressly contemplate the possibility of collateral attacks. Thus, taking the

allegations in the indictment as true, and reading the plain text of Section 1252(a)(2)(C) as

written, the Court cannot reach the merits of the underlying removal order forming the basis

10

of the indictment, because it does not have jurisdiction to review the order in the first

instance.

However, the Court notes that this ruling does not leave Defendant without recourse.

The provision immediately following Section 1252(a)(2)(C) provides that

> Nothing in subparagraph (B) or (C), or in any other provision of this chapter
> (other than this section) which limits or eliminates judicial review, shall be
> construed as precluding review of constitutional claims or questions of law
> raised upon a petition for review *filed with an appropriate court of appeals* in
> accordance with this section.

8 U.S.C. § 1252(a)(2)(D) (emphasis added). The Third Circuit has interpreted this provision

to mean that the it has the jurisdiction to determine jurisdiction. In *Borrome v. Attorney Gen.*

*of U.S.*, 687 F.3d 150 (3d Cir. 2012), the Third Circuit noted that Section 1252(a)(2)(C)

prohibits courts from reviewing "any final order of removal against an alien who is

removable under ... 8 U.S.C. § 1227(a)(2)(B)(i) for having been convicted of violating a law

relating to a controlled substance." *Id.* at 154 (internal quotation marks omitted). Despite

that provision however, the Third Circuit stated "[w]e have jurisdiction ... to determine our

jurisdiction." *Id.* "In other words, we have jurisdiction to determine whether the necessary

jurisdiction-stripping facts are present in a particular case." *Id.* "Furthermore, nothing in 8

U.S.C. § 1252(a)(2)(C) precludes our review of questions of law presented in a petition for

review." *Id.* (citing 8 U.S.C. § 1252(a)(2)(D)). *See also Drakes v. Zimski*, 240 F.3d 246, 247

(3d Cir. 2001) ("[Petitioner] argues, and the government concedes, that we have jurisdiction

to determine our jurisdiction under § 1252(a)(2)(C). We agree, thus joining all of our sister

circuits which have considered the issue.") (collecting cases); *Khouzam v. Attorney Gen. of U.S.*, 549 F.3d 235, 245-46 (3d Cir. 2008) (holding that "District Court lacked jurisdiction to entertain [immigrant's] habeas petition" under the jurisdiction-stripping provision of the INA, but that the court of appeals did have jurisdiction over immigrant's petition for review under Section 1252, which "provides an alien an adequate substitute to habeas review").

In addition to the Third Circuit's reservation of jurisdiction to decide its own jurisdiction, Section 1252(a)(5) also states that "[n]otwithstanding any other provision of law (statutory or nonstatutory)…a petition for review filed with an appropriate court of appeals in accordance with this section shall be the *sole and exclusive* means for judicial review of an order of removal entered or issued under any provision of this chapter," barring exceptions not applicable in this case. 8 U.S.C. § 1252(a)(5) (emphasis added). This would appear to confer exclusive jurisdiction on the courts of appeal to review removal orders, even if the immigrant is convicted of an aggravated felony. *See Dutton-Myrie v. Attorney Gen. of U.S.*, 382 F. App'x 130, 132 (3d Cir. 2010) ("The District Court properly dismissed Dutton-Myrie's petition for lack of subject matter jurisdiction. As the District Court advised him, the *exclusive* means for judicial review of any final order of removal is by filing a petition for review in the Court of Appeals in the Circuit in which the [Immigration Judge] is located.") (citing 8 U.S.C. 1252(a)(5)) (emphasis added).

Adding yet another twist to the labyrinthine jurisdictional provisions of the INA, Section 1252(b)(7)(D) separately provides that a "defendant in a criminal proceeding under

12

section 1253(a) of this title [for failure to depart] may not file a petition for review under subsection (a) of this title [which grants courts of appeals jurisdiction to review orders of removal] during the criminal proceeding." 8 U.S.C. § 1252(b)(7)(D). This would appear to bar Dohou from filing a petition for review in the appropriate court of appeals while the instant criminal proceeding is pending, despite the provisions cited above conferring jurisdiction on courts of appeals to review the validity of underlying removal orders. *See* 8 U.S.C. § 1252(a)(2)(D), (a)(5). Applying Section 1252(b)(7)(D) to those provisions, the Court finds that at present, Dohou is prohibited from filing a petition for review with the court of appeals during the pendency of the instant criminal proceeding. Should he be ultimately convicted or plead guilty without waiving his rights to appeal in this criminal proceeding, Dohou may, at that stage, choose to file a petition of review with the court of appeals.[1]

Thus, notwithstanding the jurisdiction-stripping provision in Section 1252(a)(2)(C), which binds this Court, Dohou may ultimately file a petition for review of an order of removal with the Third Circuit. However, this Court, which does not enjoy the jurisdiction conferred upon the courts of appeals by the INA, cannot review the validity of a removal order against

---

[1] It may be that before Dohou files any petition for review before the court of appeals, he will choose to first file a motion to reopen before the Immigration Judge or the BIA. See 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.23. *See also Dutton-Myrie*, 382 F. App'x at 132 ("If Dutton-Myrie intends to seek relief from the [Immigration Judge's] order, his only potential recourse is to request that the [Immigration Judge] reopen his proceedings or re-issue its final order of removal so that he may properly seek review [before the court of appeals].") (internal citations omitted). In this case, the Court expresses no opinion as to whether the filing of a motion to reopen before the immigration court would be mandatory before Dohou files a petition of review with the court of appeals.

13

Dohou pursuant to Section 1252(a)(2)(C). Dohou's motion to dismiss the indictment will therefore be denied.

### b. A Motion to Dismiss the Indictment Is the Improper Vehicle to Challenge the Underlying Removal Order Because the Court Must Take the Indictment's Factual Allegations as True.

In the alternative, even assuming the Court had jurisdiction to review the order of removal in this case, Dohou's motion to dismiss the indictment is nevertheless an improper vehicle for challenging the underlying order. As stated above, a defendant charged with violating Section 1253(a), such as Dohou, may challenge the validity of the removal order "only by filing a separate motion before trial." 8 U.S.C. § 1252(b)(7)(A). *See also United States v. Yan Naing*, 820 F.3d 1006, 1009 (8th Cir. 2016) (characterizing the separate motion to be filed under 8 U.S.C. § 1252(b)(7)(A) as "a motion in limine in the district court," not a motion to dismiss the indictment). Dohou, however, has chosen to proceed by way of a motion to dismiss the indictment for failure to state a claim. Doc. 50. Because a district court's review at the motion to dismiss the indictment stage is limited in scope, Dohou's arguments as to the validity of the underlying removal order do not provide a basis for dismissal of an indictment.

"Federal Rule of Criminal Procedure 12(b)(3)(B) allows a district court to review the sufficiency of the government's pleadings to ... ensur[e] that legally deficient charges do not go to a jury." *United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012) (quoting *United States v. Bergrin*, 650 F.3d 257, 268 (3d Cir. 2011)). "However, the scope of a district

14

court's review at the Rule 12 stage is limited...a district court must accept as true the factual allegations set forth in the indictment." *Id.* (internal citations omitted). At this stage, "an indictment [is] sufficient so long as it '(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution.'" *United States v. Kemp,* 500 F.3d 257, 280 (3d Cir. 2007) (quoting *United States v. Vitillo,* 490 F.3d 314 (3d Cir. 2007)).

"Usually, a recitation of the statutory language satisfies the first requirement, so long as there is sufficient factual orientation to permit a defendant to prepare his defense and invoke double jeopardy. And typically, a factual orientation that includes a specification of the time period of the alleged offense is sufficient for the second and third requirements. In short, detailed allegations are unnecessary." *United States v. Stock,* 728 F.3d 287, 292 (3d Cir. 2013) (internal citations and quotation marks omitted). Furthermore, "[e]videntiary questions—such as credibility determinations and the weighing of proof—should not be determined at this stage." *Bergrin,* 650 F.3d at 265 (internal marks and citation omitted). In this Circuit, a defendant may contest the sufficiency of an indictment on the basis that it fails to state an offense in two ways. *Stock,* 728 F.3d at 292. "First, a defendant may contend that an indictment is insufficient on the basis that it does not satisfy the first requirement in that it 'fails to charge an essential element of the crime.'" *Id.* (citing *Huet,* 665 F.3d at 595).

Second, a defendant may argue that "the specific facts alleged ... fall beyond the scope of the relevant criminal statute, as a matter of statutory interpretation." *Id.*

Dohou cannot successfully challenge the indictment under the first method, as the indictment adequately sets forth all three elements of a failure to depart under 8 U.S.C. § 1253(a). To establish such a violation, the government must prove: "(1) a final order of removal was outstanding against Defendant; (2) Defendant was a deportable alien as defined by 8 U.S.C. § 1227(a); and (3) Defendant connived or conspired, or took any other action, designed to prevent or hamper or with the purpose of preventing or hampering his departure." *United States v. Talbot,* 22 F. Supp. 3d 419, 422 (M.D. Pa. 2014) (citing 8 U.S.C. § 1253(a)), *aff'd,* 611 F. App'x 74 (3d Cir. 2015). Here, the indictment has alleged all elements with "sufficient factual orientation to permit the defendant to prepare his defense." *Kemp,* 500 F.3d at 280. It alleges that (1) Dohou is an immigrant "against whom a final order is outstanding"; (2) Dohou is "a member of any of the classes described in 8 U.S.C. § 1227(a)(2)"; and (3) that he did "willfully fail and refuse to make a timely application in good faith for a travel and other document necessary for his departure from the United States and did connive, conspire, and take any other action, designed to prevent and hamper and with the purpose of preventing and hampering his departure from the United States." Doc. 1 at 1. The indictment also specified the time period during which the violation occurred. *Id.* (stating that the alleged violation of Section 1253(a) began in "September 2015 and continu[ed] up to the date of this Indictment"). Thus, the indictment is

16

facially sufficient because "it informs the defendant of the statute he is charged with violating, lists the elements of a violation under the statute, and specifies the time period during which the violations occurred." *Huet*, 665 F.3d at 595 (citing *United States v. Urban*, 404 F.3d 754, 771 (3d Cir. 2005)).

Nor can Dohou contest the legal sufficiency of the indictment under the second method, that is, arguing that the facts alleged in the indictment "fall beyond the scope of the relevant criminal statute, as a matter of statutory interpretation." *Stock*, 728 F.3d at 292. Here, all allegations in the indictment fall within the scope of Section 1253(a)—the only question raised by the parties is whether the underlying removal order from the immigration proceeding is valid, either because Dohou received ineffective assistance of counsel during the proceeding or because he received a fatally deficient Notice to Appear prior to the proceeding. Docs. 51, 62.

Both arguments would require the Court look beyond the allegations of the indictment and find facts as to what happened before the Immigration Court. Specifically, Dohou's ineffective assistance of counsel argument would require the Court to look beyond the indictment and find facts as to whether Dohou received effective assistance of counsel during the Immigration Court proceedings. *See* Doc. 51 at 11-12 (arguing that Dohou's immigration counsel failed to present "evidence that the government of Benin was likely to acquiesce to a serious threat of torture and/or murder that Mr. Dohou faced" before the Immigration Judge). Similarly, Dohou's Notice to Appear argument would require the Court

17

find facts as to the contents of the Notice to Appear that commenced his immigration proceeding. Thus, the Court cannot reach the merits of Dohou's arguments on a motion to dismiss the indictment, because it is bound to accept all allegations in the indictment as true. *Huet*, 665 F.3d at 595-96 (reversing district court's order granting defendant's motion to dismiss because the district court impermissibly engaged in fact-finding, and noting that at the Rule 12 stage, "a district court's review of the facts set forth in the indictment is limited to determining whether, *assuming all of those facts as true*, a jury could find that the defendant committed the offense for which he was charged.") (emphasis added). In this case, Dohou is not challenging the legal sufficiency of the indictment so much as challenging the validity of an Immigration Court order underlying the indicted offense. As discussed above, he may do so only by filing a petition for review with the appropriate court of appeals, as this Court does not have jurisdiction to determine the validity of the removal order.

Here, the indictment sets forth all requisite elements of the crime, and does not raise facts "beyond the scope of the relevant criminal statute, as a matter of statutory interpretation." *Stock*, 728 F.3d at 292 (quotation marks omitted). Accepting the facts alleged in the indictment "as entirely true," *id.* at 292 n. 4, the indictment adequately states the elements of the offense and apprises the defendant of the charge he is facing. Dohou's motion to dismiss the indictment will therefore be denied. As discussed above, if any "constitutional claims or questions of law" relating to the validity of the underlying removal

order remain after the pendency of this criminal proceeding, Dohou may address such issues through "a petition for review filed with an appropriate court of appeals." 8 U.S.C. §§ 1252(a)(2)(D); (b)(7)(D).

## IV. CONCLUSION

For the reasons outlined above, this Court will deny Defendant's Motion to Dismiss the Indictment. Doc. 50. A separate Order follows.

Robert D. Mariani
United States District Judge